DAVID E. MASTAGNI, ESQ. (SBN 204244)
davidm@mastagni.com
ISAAC S. STEVENS, ESQ. (SBN 251245)
istevens@mastagni.com
TASHAYLA D. BILLINGTON, ESQ. (SBN 307050)
tbillington@mastagni.com
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 "I" Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS PADILLA, on behalf of himself and all similarly situated individuals, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF RICHMOND, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** <br><br> **COLLECTIVE ACTION - 29 U.S.C. § 216** |

**I.**

**INTRODUCTION**

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201, *et seq.*, to recover from Defendant CITY OF RICHMOND (hereinafter "Defendant") unpaid overtime compensation, interest thereon, liquidated damages, costs of suit, and reasonable attorney's fees.

2. This action arises from Defendant's failure to include all statutorily required forms of compensation in the "regular rate" of pay, thereby resulting in the systematic underpayment of overtime compensation to Plaintiff and all similarly situated individuals.

## II.

## PARTIES

3. Plaintiff LUIS PADILLA ("Plaintiff") is currently employed by Defendant as a Fire Inspector with the Richmond Fire Department.

4. Defendant is a political subdivision of the State of California and, at all relevant times hereto, employed Plaintiff.

## III.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1331 because the claims alleged herein arise under the FLSA. (*See* 29 U.S.C. §§ 201, *et seq.*).

## IV.

## COLLECTIVE ACTION ALLEGATIONS

6. This action is brought by Plaintiff as a collective action under the provisions of 29 U.S.C. section 216, on behalf of himself and on behalf of all others similarly situated who work, or have worked, for Defendant at any time over the last three years and were deprived of their complete statutory overtime compensation. Those individuals are similarly situated and constitute a well-defined community of interest in their respective questions of law and fact relevant to this action. Plaintiff's claims are typical of those of other individuals similarly situated. Plaintiff will fairly and adequately represent the interests of those similarly situated.

7. There are common questions of law and fact in this action relating to and affecting the rights of each member of the collective group, including whether Defendant failed to fully compensate Plaintiff and similarly situated individuals for all overtime hours worked by excluding certain remunerations from the "regular rate" of pay used to calculate overtime compensation. The relief sought is common to the entire class.

8. Plaintiff's claims and the claims of those similarly situated depend on a showing of Defendant's acts and omissions giving rise to Plaintiff's right to the relief sought herein. There is no conflict between Plaintiff and other members of the collective group seeking to opt in with respect to this action, or with respect to the claims for relief set forth herein.

9. This action is properly maintained as a collective action in that the prosecution of separate actions by individual members of the collective group would create a risk of adjudications with respect to individual members of the class which may, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or may substantially impair or impede their ability to protect their interests.

10. Plaintiff's lawyers are experienced and capable in the field of FLSA and labor/employment litigation and have successfully represented thousands of claimants in other litigation of this nature.

11. Plaintiff's counsel, Mastagni Holstedt, APC, will conduct and be responsible for Plaintiff's case herein. David E. Mastagni and Isaac S. Stevens, who will be primarily responsible for litigating this matter, have represented thousands of employees pursuing wage and hour claims throughout the State of California, and have recovered millions of dollars on their behalf.

12. This action is appropriate for conditional certification as a collective action because Defendant subjected Plaintiff, and the class of putative plaintiffs he seeks to represent, to the same uniform practice of excluding certain remunerations from the "regular rate" of pay used to calculate their overtime compensation.

13. This factual nexus is sufficient to justify the Court to exercise its discretion to ensure that accurate and timely notice is given to all similarly situated former and current employees of Defendant so that they may make an informed decision about whether or not to join this action.

## V.

## FACTUAL ASSERTIONS

14. Plaintiff is a member of the International Association of Firefighters, Local 188 ("Local 188").

15. Local 188 is the exclusive bargaining representative of employees in the Firefighters Bargaining Unit, which consists of the following classifications: Fire Trainee, Fire Fighter, Fire Engineer Fire Captain, Fire Inspector I & II, and Deputy Fire Marshall.

16. The terms and conditions of employment of Local 188 members, including but not limited to compensation, are governed by a Memorandum of Understanding ("MOU") between Local 188 and Defendant.

17. Pursuant to the MOU, the total compensation of Local 188 members consists of a base salary as well as incentives and other forms of remuneration that compensate them for their regularly scheduled shifts.

18. For example, pursuant to Article 26 "Holidays," Section B, Defendant provides Local 188 members working a fifty six (56) hour week with monetary compensation in lieu of paid idle holidays ("Holiday-in-Lieu Pay").

19. At all times relevant hereto, Defendant treated these payments to eligible Local 188 members, including but not limited to Plaintiff, as wages for the purpose of applicable tax withholdings.

20. Plaintiff is informed and believes Defendant provided Holiday-in-Lieu Pay to other similarly situated employees and treated such payments in the same manner.

21. Defendant also provides monetary compensation in lieu of contributing towards Defendant-provided health insurance pursuant to Article 17 "Health Benefits," Section C of the MOU between Local 188 and Defendant ("Cash-In-Lieu") .

22. At all times relevant hereto, Defendant treated these Cash-In-Lieu payments as wages for the purpose of applicable tax withholdings.

23. Plaintiff is informed and believes Defendant provides Cash-In-Lieu payments to other similarly situated employees and treats such payments in the same manner.

24. On information and belief, Defendant's health benefits plan is not bona fide for the purposes of 29 U.S.C. section 207(e)(4) and 29 C.F.R. section 778.215.

25. At all times relevant hereto, Defendant suffered or permitted Plaintiff to work hours beyond statutory thresholds, thus triggering Defendant's obligation to pay Plaintiff overtime compensation as required by the FLSA.

26. Pursuant to 29 U.S.C. section 207(e), the "regular rate" upon which all forms of Plaintiff's overtime compensation are based must include all remuneration received by Plaintiff, unless explicitly excluded.

27. At all times relevant hereto, Defendant impermissibly excluded certain remuneration from Plaintiff and similarly situated employees' "regular rate" of pay, including but not limited to

Holiday-In-Lieu and Cash-In-Lieu, thereby resulting in the systematic underpayment of overtime compensation to Plaintiff and similarly situated employees.

28. By the same conduct (i.e., the impermissible exclusion of remuneration from the "regular rate"), Defendant failed to pay Plaintiff and other similarly situated individuals for cashed out compensatory time off ("CTO") at the "regular rate" of pay as required by 29 U.S.C. section 207(o)(3)-(4).

## FIRST COUNT

**(Fair Labor Standards Act - Failure to Pay All Overtime Compensation Earned)**

29. Plaintiff incorporates by reference each and every paragraph above as though set forth fully herein.

30. Defendant suffered or permitted Plaintiff and, on information and belief, other similarly situated individuals to work hours beyond statutory thresholds, thus triggering Defendant's obligation to pay overtime compensation as required by the FLSA, but failed to include all required forms of compensation into the "regular rate" of pay used to calculate their overtime compensation and cash out their CTO.

31. By failing to include all required forms of compensation in the "regular rate" of pay used to calculate overtime compensation and cash out CTO, Defendant failed to compensate Plaintiff and other similarly situated individuals at one and one-half times the "regular rate" of pay for all overtime hours worked as required by the FLSA.

32. At all times relevant hereto, Defendant and its agents and representatives were aware of their obligation to pay Plaintiff and other similarly situated individuals for all overtime hours worked at one and one-half times the "regular rate" of pay as required by the FLSA.

33. At all times relevant hereto, Defendant and its agents and representatives knew, or should have known, of their obligation to pay Plaintiff and other similarly situated individuals overtime compensation at one and one-half of their "regular rate" of pay for all hours worked in excess of the applicable thresholds established by section 207 of the FLSA.

34. At all times relevant hereto, Defendant's failure to fully compensate Plaintiff and other similarly situated individuals for all overtime hours worked was not in good faith, and was a willful violation of the FLSA.

35. As a result of the foregoing violations of the FLSA as enumerated herein, Plaintiff seeks damages for three (3) years of unpaid overtime compensation that was earned but not paid, as well as an equal amount in liquidated damages.

36. Plaintiff also seeks reasonable attorney fees and costs pursuant to 29 U.S.C. section 216(b).

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For recovery of unpaid overtime compensation and interest thereon plus an equal amount of liquidated damages for Plaintiff and all other similarly situated individuals pursuant to 29 U.S.C. section 216(b);

2. For a determination that Defendant's conduct was reckless and/or an intentional, knowing, and willful violation of the FLSA, therefore entitling Plaintiff and all other similarly situated individuals to recover damages under a three (3) year statute of limitations;

3. For reasonable attorney fees pursuant to 29 U.S.C. section 216(b);

4. For costs incurred as a result of this proceeding;

5. For injunctive relief ordering the Defendant to cease and desist from engaging in said unlawful conduct, including but not limited to, revisions to applicable compensation policies to clearly indicate that the above-referenced remuneration will be included in the "regular rate" of pay for the purposes of overtime compensation;

6. For conditional certification of the collective class as pled;

7. For an order to timely notify all potential collective class members of this action;

8. For such other and further relief as the court deems just and proper.

///

///

///

Respectfully submitted,

Dated: July 10, 2020     **MASTAGNI HOLSTEDT, APC**

By: */s/ David E. Mastagni*
DAVID E. MASTAGNI
ISAAC S. STEVENS
TASHAYLA D. BILLINGTON
Attorneys for Plaintiff